Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENZO DANGONA, | ) Case No. **'11 CV 1552 BEN CAB** |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| FIRSTSOURCE ADVANTAGE | ) **COLLECTION PRACTICES ACT** |
| LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Vincenzo Dangona ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, Firstsource Advantage LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      In March 2011, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7. Defendant is attempting to collect an alleged debt on an account that did not belong to Plaintiff.

8. On or about March 17, 2011, Plaintiff sent Defendant a letter requesting validation of the alleged debt and informing Defendant that Plaintiff is in dispute of the entire debt.

9. Despite having received Plaintiff's letters, Defendant threatened to report the alleged debt on Plaintiff's credit report for failure to pay an alleged debt.

10. Defendant falsely represented that a legal action against Plaintiff would result for failure to pay an alleged debt.

11. Defendant falsely threatened to take an action that was not actually taken, including but not limited to, threatening legal action against Plaintiff where no such action has been instituted to date.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

    b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

e) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

f) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

g) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f));

h) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C.  §1692d, and §1692d(5).*

17.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 13th day of July, 2011.

By:    /s Todd M. Friedman
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

VINCENZO DANGONA

**DEFENDANTS**

FIRSTSOURCE ADVANTAGE LLC

**(b)**   County of Residence of First Listed Plaintiff   San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

Attorneys (If Known)

'11CV1552 BEN CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
       Plaintiff
- ☐ 2  U.S. Government
       Defendant
- ☒ 3  Federal Question
       (U.S. Government Not a Party)
- ☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original
       Proceeding
- ☐ 2  Removed from
       State Court
- ☐ 3  Remanded from
       Appellate Court
- ☐ 4  Reinstated or
       Reopened
- ☐ 5  Transferred from
       another district
       (specify)
- ☐ 6  Multidistrict
       Litigation
- ☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Violation of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

07/13/2011

SIGNATURE OF ATTORNEY OF RECORD

/s/ Todd M. Friedman

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT             APPLYING IFP             JUDGE             MAG. JUDGE

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:  U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.